IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | |
|---|---|
| KIM HAMMOND<br>8407 Greenpring Avenue<br>Baltimore, Maryland 21208<br><br>MILNEL FOUNDATION, Inc.<br>8407 Greenpring Avenue<br>Baltimore, Maryland 21208<br><br>Plaintiffs<br><br>vs.<br><br>IAN S. LEOPOLD<br>888 Prospect Street, Suite 200,<br>La Jolla, California 92037<br><br>PRIDEWEAR LLC<br>Serve on Resident Agent:<br>Uria Espinoza<br>888 Prospect Street, Suite 200,<br>La Jolla, California 92037<br><br>AMERICAN COLLEGIATE SPORTS LLC<br>Serve on Resident Agent:<br>Uria Espinoza<br>888 Prospect Street, Suite 200,<br>La Jolla, California 92037<br><br>Defendants | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* Case No: _____<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **COMPLAINT**

Plaintiffs Kim Hammond and the MILNEL Foundation (hereinafter collectively, "Plaintiff"), by and through their attorneys, Christopher Millard and the Law Offices of Christopher Millard, LLC, sue Ian S. Leopold, Pridewear LLC, and American Collegiate Sports LLC, Defendants (collectively hereinafter, "Defendants"), and state as follows:

1

## Parties

1. Defendant Ian S. Leopold (hereinafter, "Defendant Leopold") is an individual residing in La Jolla, California with business address of 888 Prospect Street, Suite 200, La Jolla, California 92037. Defendant Leopold is the President and Chief Executive Officer of, and is and has been, at all times relevant to this Complaint, a managing or principal member of, and authorized to act on behalf of and to legally and contractually bind, Defendant Pridewear LLC (hereinafter, "Pridewear") and Defendant American Collegiate Sports LLC (hereinafter, "American").

2. Defendants Pridewear and American are Delaware limited liability companies with offices located at 888 Prospect Street, Suite 200, La Jolla, California 92037. At all times relevant to this Complaint, Defendants Pridewear and American are and have been, at all times relevant to this Complaint, engaged in the business of producing and selling various items of clothing and apparel, including as used by police and first responders.

3. Plaintiff Hammond is an individual residing at 8407 Greenspring Avenue, Baltimore, Maryland 21208 and is a trustee and beneficiary of Plaintiff MILNEL, including at all times relevant to this Complaint.

4. Plaintiff MILNEL is a charitable foundation / corporation, incorporated in the State of Maryland, with offices at 8407 Greenspring Avenue, Baltimore, Maryland 21208, including at all times relevant to this Complaint.

## Jurisdiction and Venue

5. This Court has diversity jurisdiction over this action pursuant to 13 U.S.C. § 1332(a) based on the facts that the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00) as shown by the relief requested herein, and that this action is between citizens of different states as set forth in the foregoing Paragraphs of this Complaint.

6. Venue is proper pursuant to 13 U.S.C. § 1391(b)(2) based on the fact that a substantial portion of the events or omissions giving rise to Plaintiffs' claims took place on this District, including without limitation the discussions and agreements giving rise to the fiduciary and contractual relationships, fraudulent misrepresentations, Defendant Leopold's and Defendant Pridewear's requests for payments from Plaintiffs and Plaintiffs' issuance of payments and requests for information relating to the status of the investments in controversy in this action.

## COUNT I: BREACH OF FIDUCIARY DUTY

7. On or about January 1, 2015, Defendant Leopold initiated discussions with Plaintiffs in the Baltimore, Maryland area to encourage Plaintiffs to invest substantial funds in Defendant Pridewear for the production of clothing apparel for police and first responders. Defendant Leopold represented to Plaintiffs that such monetary investments would be managed by him and would be used to fund Defendant Pridewear's purchase of raw materials required for production of such clothing apparel. Defendant Leopold further represented that such investments, in the form of convertible debt shares, would confer upon Plaintiffs, among other rights, an interest rate and rate of return of eight percent (8%), and that investments made in the form of equity would confer upon Plaintiffs, among other rights, ownership interests in Defendant Pridewear and a rights to earnings, profits and distributions as Defendant Pridewear may make to equity shareholders from time to time.

8. The aforesaid representations by Defendant Leopold, and Defendant Pridewear through Defendant Leopold, were false, as such Defendants did not intend to use Plaintiffs' investments for such purposes or provide any such rights or benefits to Plaintiffs. Such representations were made falsely with the intent to induce Plaintiffs to make such investments for such Defendants' enrichment, and to Plaintiffs' financial detriment.

9. Over the period of February 2015 through March 2020, in reasonable reliance on the representations and requests for investments by Defendant Leopold, Plaintiffs made investments totaling Nine Hundred Forty-Five Thousand, Seventy-Five Dollars ($945,075.00), consisting of: (a) Three Hundred Thirty-Three Thousand, Four Hundred Twenty-Seven Dollars ($333,427.00) that were represented by Defendants Leopold and Pridewear to be convertible debt shares issued to Plaintiffs with an interest rate and rate of return of eight percent (8%); and (b) Six Hundred Eleven Thousand, Six Hundred Forty-Eight Dollars ($611,648.00) that were represented by such Defendants to be equity shares issued to Plaintiffs. All such representations and requests for investments by Defendant Leopold were made in Baltimore County or Baltimore City, and all such investments by Plaintiffs were made by Plaintiffs from Baltimore County or Baltimore City.

10. From the time of Plaintiffs' initial investment in February 2015 and continuing at least through the date of this filing, Defendants Leopold and Pridewear: (a) failed to manage Plaintiffs' aforementioned investments in a reasonable and prudent manner; (b) failed to utilize the investments for the purpose of purchasing raw materials that Defendant Leopold represented to Plaintiffs, and instead converted a substantial portion of Plaintiffs' investments to Defendant American and to the personal use of Defendant Leopold and/or other members or personnel of Defendant Pridewear; (c) failed to provide payments of any interest on Plaintiffs' convertible debt shares; (d) failed to pay any distributions from earnings and profits from Plaintiffs' equity shares; (e) failed to keep Plaintiffs informed as to the status of their investments, including by refusing to respond to repeated requests for information; and (f) in January 30, 2025, refusing to return Plaintiffs' investments upon their request.

11. As a result of the aforementioned failure of Defendants Leopold and Pridewear to manage Plaintiffs' investments in a reasonable and prudent manner and conversion of their invested

funds, Plaintiffs' investments were substantially depleted to the sum of approximately Seventeen Thousand Dollars ($17,000) as of 19 July, 2023, according to a financial statement disclosed to Plaintiffs by such Defendants. As of December 2022, a total of Eight-Five Thousand, Nine Hundred Eighteen Dollars and Sixteen Cents ($85,918.16) in unpaid interest owed to Plaintiffs had accumulated from the aforementioned convertible debt shares, according to a financial statement disclosed to Plaintiffs by Defendants Leopold and Pridewear.

12. As a principal of Defendant Pridewear who assumed the responsibility of managing Plaintiffs' investments in Defendant Pridewear, Defendant Leopold owed certain fiduciary duties to Plaintiffs. As a limited liability company and recipient of Plaintiffs' investments into the company, Defendant Pridewear owed certain fiduciary duties to Plaintiffs. In each case, each such Defendant owed fiduciary duties: (a) of loyalty to act in the best interests of Plaintiffs by managing Plaintiffs' investments for the purpose of maximizing the return on Plaintiffs' investments; (b) to manage Plaintiffs' investments with ordinary and reasonable care; and (c) to keep Plaintiffs reasonably informed of, and to make full disclosure of, all known information that is significant and material to the affairs of the fiduciary relationship, including without limitation the status of Plaintiffs' investments.

13. Defendants Leopold and Pridewear breached their fiduciary duty of loyalty by converting Plaintiffs' investments to improper purposes, including to Defendant American and to the personal enrichment of Defendant Leopold and other personnel of Defendant Pridewear and/or Defendant American.

14. Defendants Leopold and Pridewear breached their duty of reasonable and ordinary care by mismanaging and thus depleting Plaintiffs' investments.

15. Defendants Leopold and Pridewear breached their fiduciary duty keep Plaintiffs reasonably informed and provide disclosure of material information by failing to inform Plaintiffs of the status of their invested funds and their nearly complete depletion over the time period that such Defendants have had custody and control over such funds. Such information would have been material to Plaintiffs in deciding whether to continue making such investments over the time period they were made, and whether to take appropriate action at an earlier time to recoup the invested funds and interest and other payments to which Plaintiffs are entitled.

16. By virtue of Defendant Leopold's and Defendant Pridewear's aforesaid breaches of their fiduciary duties owed to Plaintiffs, Plaintiffs suffered damages, including the loss of all funds invested in Defendant Pridewear and the loss of interest payments and distributions owed to Plaintiffs. As a proximate cause of Defendant Leopold's and Defendant Pridewear's aforesaid breaches of their fiduciary duties, Plaintiffs suffered the loss of returns on other investments Plaintiffs could otherwise have made with the funds invested in Defendant Pridewear, which loss was a natural result reasonably foreseeable to such Defendants.

## COUNT II: NEGLIGENCE

17. Plaintiffs hereby incorporate by reference Paragraphs 1 through 16 above, as if fully stated herein.

18. As a principal of Defendant Pridewear who assumed the responsibility of managing Plaintiffs' investments in Defendant Pridewear, Defendant Leopold owed a duty of care to Plaintiffs. As a limited liability company and recipient of Plaintiffs' investments into the company, Defendant Pridewear owed a duty of care to Plaintiffs. In each case, each such Defendant owed a duty to use ordinary and reasonable care in the management of Plaintiffs' investments, to manage such investments for the purposes for which they were invested by Plaintiffs, to provide payments

of interest and distributions as required by the nature of Plaintiffs' convertible debt and equity shares, and to keep Plaintiffs properly and reasonably well-informed of material facts that might affect Plaintiffs' investment decisions with Plaintiffs' funds under such Defendants' management, custody and control.

19.     Defendants Leopold and Pridewear breached each such duty of care by their aforesaid mismanagement, conversion and depletion of Plaintiffs' investments, their failure to provide payments of interest and distributions of earnings and profits and their failure to keep Plaintiffs reasonably well-informed of the status, misuse and depletion of Plaintiffs' investments.

20.     As a result of the aforesaid breaches of the duties of care Defendants Leopold and Pridewear owed to Plaintiffs, Plaintiffs incurred damages, including the loss of all funds invested in Defendant Pridewear and the loss of interest payments and distributions owed to Plaintiffs. As a proximate cause of such Defendants' aforesaid breaches of their duties of care, Plaintiffs suffered the loss of returns on other investments Plaintiffs could otherwise have made with the funds invested in Defendant Pridewear, which loss was a natural result reasonably foreseeable to such Defendants.

## COUNT III: BREACH OF CONTRACT

21.     Plaintiffs hereby incorporate by reference Paragraphs 1 through 20 above, as if fully stated herein.

22.     By virtue of the discussions alleged in Paragraph 7 above, Plaintiffs and Defendant Pridewear entered into a contract whereby Plaintiffs promised to make certain investments of funds into Defendant Pridewear and permit such Defendant to use such funds to purchase raw materials and otherwise produce and sell the clothing apparel products, in consideration for Defendant Pridewear's promise to Plaintiff, made through Defendant Leopold as an authorized agent of

Defendant Pridewear, to properly manage such investments for such purposes and to confer upon Plaintiffs certain rights and returns on such investments, including without limitation interest on the convertible debt shares, and an ownership interest and rights to distributions from the earnings and profits of Defendant Pridewear.

23. The terms of the contract between Plaintiffs and Defendant Pridewear also included: (a) an implied duty to manage Plaintiffs' investments with ordinary and reasonable care; (b) an implied duty to keep Plaintiffs properly and reasonably well-informed of material facts that might affect Plaintiffs' investment decisions with Plaintiffs' funds under Defendant Leopold's and Defendant Pridewear's management, custody and control; and (c) an implied covenant of good faith and fair dealing.

24. Defendant Pridewear, including through Defendant Leopold and possibly other of its personnel, materially breached each such contractual duty by its aforesaid mismanagement and depletion of Plaintiffs' investments, its failure to provide payments of interest and distributions of earnings and profits, and its failure to keep Plaintiffs reasonably well-informed of the status, misuse and depletion of Plaintiffs' investments.

25. Defendant Pridewear, including through Defendant Leopold and possibly other of its personnel, also materially breached the contract by breaching its aforesaid covenant of good faith and fair dealing owed to Plaintiffs under the contract, specifically, by making the false representations and promises as alleged in Paragraphs 7 and 8 above to induce Plaintiffs' investments for Defendant Leopold's and Defendant Pridewear's enrichment and to Plaintiffs' detriment, and, by the alleged conversion of such invested funds to the personal enrichment of Defendant Leopold and other personnel of Defendant Pridewear and/or Defendant American.

26.     As a result of the aforesaid material breaches of contract by Defendant Pridewear, Plaintiffs incurred damages, including the loss of all funds invested in Defendant Pridewear and the loss of interest payments and distributions owed to Plaintiffs. As a proximate cause of Defendant Pridewear's aforesaid material breaches of contract, Plaintiffs suffered the loss of returns on other investments Plaintiffs could otherwise have made with the funds invested in Defendant Pridewear, which loss was a natural result reasonably foreseeable to Defendants Leopold and Pridewear.

### COUNT IV: INTENTIONAL MISREPRESENTATION

27.     Plaintiffs hereby incorporate by reference Paragraphs 1 through 26 above, as if fully stated herein.

28.     Defendants Leopold and Pridewear knew the factual representations and promises made to Plaintiffs by Defendant Leopold as alleged in Paragraph 7 above were false, and that neither such Defendant intended to honor any such promises. Defendants Leopold and Pridewear made such false promises and representations with the intent that Plaintiffs rely on them and with the intent to defraud Plaintiffs. Specifically, Defendants Leopold and Pridewear made such false promises and representations to induce Plaintiffs to make the substantial investments of funds, which such Defendants intended to use for purposes other than those represented to Plaintiffs, including without limitation the personal enrichment of such Defendants and other personnel of Defendant Pridewear.

29.     Plaintiffs made the investments of funds into Defendant Pridewear in reliance on the aforementioned false representations and promises of Defendants Leopold and Pridewear, and Plaintiffs were justified in their reliance on such false representations and promises, based on the facts that Defendant Pridewear was an established going concern and Defendant Leopold was an established businessman with whom Plaintiff Hammond was personally acquainted, and neither

9

such Defendant had presented to Plaintiffs any reasonable grounds to doubt their integrity, character or trustworthiness.

30. As a result of the aforesaid intentional misrepresentations by Defendants Leopold and Pridewear, Plaintiffs incurred damages, including the loss of all funds invested in Defendant Pridewear and the loss of interest payments and distributions owed to Plaintiffs. As a proximate cause of such Defendants' aforesaid intentional misrepresentations, Plaintiffs suffered the loss of returns on other investments Plaintiffs could otherwise have made with the funds invested in Defendant Pridewear, which loss was a natural result reasonably foreseeable to such Defendants.

## COUNT V: NEGLIGENT MISREPRESENTATION

31. Plaintiffs hereby incorporate by reference Paragraphs 1 through 30 above, as if fully stated herein

32. As a principal of Defendant Pridewear who assumed the responsibility of managing Plaintiffs' investments in Defendant Pridewear, Defendant Leopold owed a duty of care to Plaintiffs. As a limited liability company and recipient of Plaintiffs' investments into the company, Defendant Pridewear owed a duty of care to Plaintiffs. In each case, each such Defendant owed a duty of care to provide accurate information, and to exercise reasonable care to ensure the accuracy of information provided to Plaintiffs, regarding the purpose and use of their investments into Defendant Pridewear, and the benefits Plaintiffs would receive in consideration for such investments, including at the time such Defendants induced Plaintiffs to make such investments.

33. Defendants Leopold and Pridewear were negligent ascertaining the accuracy of their representations and promises made to Plaintiffs, set forth in Paragraph 7 above, concerning how Plaintiffs' invested funds would be used, and the benefits Plaintiffs would receive from such investments. A careful investigation of the facts by each such Defendant would have revealed that

such representations and promises were false, namely, that the funds were to be diverted to uses other than the production and sale of clothing apparel for police and first responders, and that Plaintiffs would not receive the ownership interests and rights to distributions via equity shares, or interest income via convertible debt shares, from their investments into Defendant Pridewear.

34. Defendants Leopold and Pridewear made the aforementioned false representations and promises with the intention of having Plaintiffs act and rely on them, including by causing Plaintiffs to invest substantial funds into Defendant Pridewear with the expectation that Plaintiffs would receive the benefits of equity ownership in Defendant Pridewear and financial returns on their investments via distributions from earnings and profits and interest income from Defendant Pridewear.

35. Defendants Leopold and Pridewear knew that Plaintiffs would probably rely upon, and were in fact relying upon, on such false representations and promises and each such Defendant knew or had reason to know that Plaintiffs would therefore incur damages via the loss of funds they invested in Defendant Pridewear.

36. Plaintiffs made the investments of funds into Defendant Pridewear in reliance on the aforementioned false representations and promises of Defendants Leopold and Pridewear, and Plaintiffs were justified in their reliance on such false representations and promises, based on the facts that Defendant Pridewear was an established going concern and Defendant Leopold was an established businessman with whom Plaintiff Hammond was personally acquainted, and neither such Defendant had presented to Plaintiffs any reasonable grounds to doubt their integrity, character or trustworthiness.

37. As a result of the aforesaid negligent misrepresentations by Defendants Leopold and Pridewear, Plaintiffs incurred damages, including the loss of all funds invested in Defendant

Pridewear and the loss of interest payments and distributions owed to Plaintiffs. As a proximate cause of such Defendants' aforesaid negligent misrepresentations, Plaintiffs suffered the loss of returns on other investments Plaintiffs could otherwise have made with the funds invested in Defendant Pridewear, which loss was a natural result reasonably foreseeable to such Defendants.

### COUNT VI: UNJUST ENRICHMENT

38. Plaintiffs hereby incorporate by reference Paragraphs 1 through 37 above, as if fully stated herein.

39. The funds Plaintiffs paid to Defendant Pridewear as investments, and used by Defendants Leopold, Pridewear and American for their personal enrichment and other improper purposes, conferred a benefit upon all such Defendants, in the total amount of Nine Hundred Forty-Five Thousand, Seventy-Five Dollars ($945,075.00). The interest Defendant Pridewear was required to pay to Plaintiffs and that was instead improperly retained by Defendant Pridewear and used by Defendants for their personal enrichment, further conferred a benefit to Defendants in the amount of One Hundred Thousand ($100,000.00).

40. Defendants were aware of, and had knowledge of, the aforementioned benefits conferred upon them by Plaintiffs since the time they were conferred by Plaintiffs.

41. Defendants accepted and retained the aforementioned benefits by the failure and refusal of Defendants Leopold and Pridewear to return such funds or pay the aforementioned interest to Plaintiffs following Plaintiffs' demands that such Defendants do so, and despite such Defendants' aforementioned mismanagement of Plaintiffs' invested funds contrary to such Defendants' false promises and representations to Plaintiffs, and contrary to the agreement between Plaintiffs and Defendant Leopold, for the use of such funds and the returns on investment and other benefits to be conferred upon Plaintiffs for investing such funds. Under the aforementioned

circumstances, Defendants' continued retention of such funds and failure to pay the same to Plaintiffs is inequitable.

## COUNT VII: TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS

42. Plaintiffs hereby incorporate by reference Paragraphs 1 through 41 above, as if fully stated herein.

43. Defendant American, including through Defendant Leopold as one of its principals, had knowledge of Pridewear's contract with the Plaintiffs, and both such Defendants caused some or all of Plaintiffs' aforementioned invested funds to be diverted from Defendant Pridewear to Defendant American, and to the personal enrichment of Defendant Leopold and other personnel of Defendant Pridewear and/or Defendant American.

44. By undertaking such actions, Defendants Leopold and American each intentionally and improperly conducted themselves in such a manner so as to cause Defendant Pridewear to breach the aforementioned contract it held with the Plaintiffs concerning their investments into Defendant Pridewear, so as to substantively render it impossible for Defendant Pridewear to perform under the contract with Plaintiffs.

45. As a result of the aforesaid conduct of Defendants Leopold and American, Plaintiffs incurred damages, including the loss of all funds invested in Defendant Pridewear and the loss of interest payments and distributions owed to Plaintiffs. As a proximate cause of such Defendants' aforesaid conduct, Plaintiffs suffered the loss of returns on other investments Plaintiffs could otherwise have made with the funds invested in Defendant Pridewear, which loss was a natural result reasonably foreseeable to such Defendants.

## COUNT VIII: FRAUDULENT MISAPPROPRIATION BY FIDUCIARY

46. Plaintiffs hereby incorporate by reference Paragraphs 1 through 45 above, as if fully stated herein.

47. By virtue of the fiduciary duties Defendants Leopold and Pridewear owed to Plaintiffs as set forth in Paragraph 12, each such Defendant is, and has been at all times relevant to this Complaint, a fiduciary in relation to Plaintiffs.

48. By their mismanagement, depletion and conversion of Plaintiffs' invested funds to personal and other improper uses as set forth in Paragraphs 10 and 11, Defendants Leopold and Pridewear appropriated and secreted money that such fiduciaries held in a fiduciary capacity.

49. By taking such actions in breach of their fiduciary duties as set forth in Paragraphs 12 and 13, such appropriation and secretion of such money by Defendants Leopold and Pridewear was contrary to the requirements of each such fiduciary's trust responsibility.

50. Such misappropriation and secretion of money, contrary to their fiduciary trust responsibility, were committed by Defendants Leopold and Pridewear both fraudulently and wilfully; specifically, by making the factual representations and promises set forth in Paragraph 7 that such Defendants knew to be false, with the intention that Plaintiffs rely on them to induce their investment into Defendant Pridewear, without any intention of honoring such promises or representations, and with the intent to defraud Plaintiffs as set forth in Paragraph 28.

51. As a result of the aforesaid conduct of Defendant Leopold and Defendant Pridewear, Plaintiffs incurred damages, including the loss of all funds invested in Defendant Pridewear and the loss of interest payments and distributions owed to Plaintiffs. As a proximate cause of such Defendants' aforesaid conduct, Plaintiffs suffered the loss of returns on other investments Plaintiffs

could otherwise have made with the funds invested in Defendant Pridewear, which loss was a natural result reasonably foreseeable to such Defendants.

### Relief Sought

WHEREFORE, Plaintiffs request that this Honorable Court enter judgment against Defendants and grant to Plaintiffs the following relief:

A. Compensatory damages in the amount of One Million, One Hundred Thirty Thousand Nine Hundred and Ninety-Three Dollars and Sixteen Cents ($1,130,993.16), consisting of Plaintiffs' Nine Hundred Forty-Five Thousand, Seventy-Five Dollars ($945,075.00) in total investments made in Defendant Pridewear, and the One Hundred Thousand ($100,000.00) in accumulated and unpaid interest from the convertible debt shares purchased by Plaintiffs;

B. Five Hundred Thousand Dollars ($500,000.00) in consequential damages;

C. Pre- and post-judgment interest and costs; and

D. Any other such relief as this Court deems appropriate.

### JURY DEMAND

**Plaintiffs request a jury trial as to all claims of the Complaint so triable.**

Respectfully Submitted,

//S//_____
Christopher Millard, Esq.
USDC-MD Attorney No.: 27953
Law Offices of Christopher Millard, LLC
8016 Bellona Avenue, Suite 43
Riderwood, Maryland 21139
(443) 600-6011
c.millard@millard.legal

*Attorneys for Plaintiffs*