IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | | |
|---|---|---|
| KIM HAMMOND, et al. | * | |
| Plaintiffs | * | |
| vs. | * | Case No: 1:25-cv-00336-RDB |
| IAN S. LEOPOLD, et al. | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFFS' MOTION TO PERMIT EXTENDED TIME
TO FILE RESPONSE TO DEFENDANTS' MOTION
TO DISMISS, AND REPLY IN FURTHER SUPPORT THERETO**

Pursuant to Federal Rule of Civil Procedure 6(b)(1) and Local Rule 105.2(a) of the United States District Court for the District of Maryland, Plaintiffs' through their counsel, Christopher Millard, respectfully moves this Court for an order granting an extension of time to file a response to the Defendants' Motion to Dismiss and Reply In Further Support thereto, filed by the Defendants on 16 June 2025 and 21 July 2025 respectively. In support of this motion, the Moving Party states as follows:

1. **Background**: On 16 June, 2025, the Defendants in the above captioned matter filed their Motion to Dismiss, (ECF No. 17). Pursuant to Local Rule 105.2(a) and Federal Rule of Civil Procedure 6, the deadline to file a response to said motions was 30 June 2025. Plaintiffs' response was filed on 5 July, 2025, outside of the 14-day response date required under the rules.

On July 21 July, 2025 the Defendants filed their Reply in Further Support of Defendants' Motion to Dismiss, (ECF No. 19). While not necessarily affirmatively arguing to dismiss Defendants' late response due to the untimely filing, Defendants within a footnote state,

1

"Plaintiffs filed their Opposition on July 5, 2025. Defendants note the irony of the Plaintiffs arguing to remain in a district whose rules they cannot be bothered to follow". Plaintiff filed their response thereto on August 5, 2025[1].

Present counsel provides a detailed affidavit hereto as to the causes for counsel's untimely filings, one of which is medically related, and a secondary cause associated with a catastrophic medical event involving counsel's significant other.

2. **Request for Extension**: The Moving Party respectfully requests an extension of time under which their responses to the noted Motion, and Reply In Further Support Thereto, were to be filed. This extension accommodates the dates under which the responses were provided, was necessary due to the complexity of the legal issues raised in the motion, the need to gather additional evidence, and other good cause thereto associated with counsel's disability noted within their affidavit.

3. **Good Cause**: The Moving Party has acted in good faith and requires no current extension but rather respectfully requests this honorable Court consider the arguments within this motion and permit the untimely filings to be heard. This request is not made for purposes of delay but to ensure the availability of a thorough response that will assist the Court in its consideration of the matter.

4. **Efforts to Confer**: Pursuant to Local Rule 105.2(a), the Moving Party has previously conferred with Defendants' previous opposing Counsel on 12 May 2025, via telephone, partially conveying the circumstances. The Moving Party submits that good cause exists to grant the extension to avoid prejudice.

---

[1] 20 minutes post deadline due to an inaccessibility error associated with the electronic filing system.

5. **No Prejudice**: This request for an extension will not prejudice any party, as it will not significantly delay the proceedings or affect any other deadlines set by the Court. No trial date or other critical deadlines are currently impacted by this request.

6. **Reasonable Accommodation**: The requested extension is equivalent to nothing greater than a reasonable accommodation, which a lawyer might seek from the court under the Americans with Disabilities Act (ADA), which mandates reasonable modifications to ensure meaningful access to public services, including judicial proceedings. Courts are obligated to provide reasonable accommodations to ensure meaningful access to judicial services. For example, accommodations such as extensions of time, real-time reporting, or auxiliary aids may be required to enable individuals with disabilities to participate effectively in court proceedings. *Duvall v. County of Kitsap*, 260 F.3d 1124, (2001). In *In re Frantz*, the court provided accommodations such as extra time to review materials, assistance with note-taking, and allowing a third party to assist during hearings. *In re Frantz*, (Not Reported in Fed. Supp. (2020)), 2020 WL 1452405.

7. **Proposed Order**: A proposed order is attached as Exhibit A for the Court's convenience.

      **WHEREFORE**, the Moving Party respectfully requests that this Court grant an extension of the permitted time under which the subject responses were to be filed so as to accommodate the actual filing dates, and for such other relief as the Court deems just and proper.

**Date**: August 5th, 2025

                                                   Respectfully Submitted,

                                                   //S//_____
                                                   Christopher Millard, Esq.
                                                 USDC-MD Attorney No.: 27953
                                                 Law Offices of Christopher Millard, LLC
                                                 8016 Bellona Avenue, Suite 43
                                                 Riderwood, Maryland 21139

(443) 600-6011  
c.millard@millard.legal  
*Attorneys for Plaintiffs*